UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
EASTERN DIVISION at PIKEVILLE

CRIMINAL ACTION 23-CR-00010-KKC

UNITED STATES OF AMERICA                                    PLAINTIFF,

V.                        **SENTENCING MEMORANDUM**

JOSHUA D. HABERN                                           DEFENDANT.

* * * * * * * * *

The Defendant, Joshua D. Habern, comes before this Honorable Court for final sentencing on June 20, 2024.

## I.    FACTUAL & PROCEDURAL BACKGROUND

On February 1, 2024, the Defendant entered a plea of guilty to: Count One of the Indictment, charging him with a violation of 21 U.S.C. § 841(a)(1), knowing and intentional possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine; Count Two, charging possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and, Count Eight,  charging him with a violation of 21 U.S.C. § 841(a)(1), knowing and intentional possession with intent to distribute 40 grams or more of a mixture or substance containing fentanyl. [R. 20, *Plea Agreement*]. The

Presentence Investigation Report (PSR), as currently calculated, indicates that the Defendant's guideline range of imprisonment is 262 months to 327 months. [*PSR* ¶ 76].

## II.   UNRESOLVED OBJECTION

The Defendant submitted a single unresolved objection to the United States Probation Office.  The sole objection is to Defendant's designation as a career offender, based on two prior convictions for Assault Under Extreme Emotional Distress. The Defendant recognizes that this Honorable Court is bound by the holding in *United States v. Maynard*¸ 894 F.3d 773 (6th Cir. 2018).  The Defendant notes the medical information discussed below in continued mitigation regarding the Defendant's underlying convictions.

## III.   THE DEFENDANT SHOULD RECEIVE A SENTENCE BELOW GUIDELINE SENTENCE WOULD BE APPROPRIATE IN THIS CASE

The Defendant is facing a significant sentence in this matter, even if he was not designated as a career offender. The Defendant notes that his qualifying offenses were based on Assault Under Extreme Emotional Disturbance.  The medical history of the Defendant discussed below, portions of which are included in the records filed contemporaneously herewith, certainly bears out that the Defendant has struggled with emotional/mental issues for many years.  These two incidents led to his career offender designation, without which the Defendant's Guideline range would be 92-115 months, with 60 months consecutive on Count 2 (total of 152 – 175 months).

The Defendant's record "manifests the terrible toll that can accrue when drug addictions and mental health problems are left unattended in the life of an individual." *United States v. Ray*, 375 F. Supp. 2d 832, 834 (S.D. Iowa 2005). Due to the factors discussed below, a sentence below the low end of the Guideline range is "sufficient, but not greater than necessary" to accomplish the purposes of sentencing. 18 U.S.C. § 3553(a).

### (a)(1) History and Characteristics of the Defendant

As reflected in the PSR, the Defendant had some traumatic events in his childhood.  His sister noted that "her brother struggled in school and that he likely had undiagnosed mental health problems and a learning disability." [*PSR* at ¶ 66]. The PSR further reflects that the Defendant was exposed to drugs and alcohol from a shockingly young age, and developed a consistent addiction that has plagued him since childhood. The fact that the Defendant has been diagnosed with the mental health issues set forth in paragraph 68, combined with his life-long struggle with substance abuse, provides a lessening of the overall moral culpability of his actions. Courts have recognized that mental illness, including substance abuse, can be a factor that weighs in favor of lower sentences.  *See United States v. Mosley*¸312 F. Supp. 3d 1289 (M.D. Ala. 2018); *United States v. Carter*, 506 F. Supp. 3d 1204 (M.D. Ala. 2020); *see also*, *United States v. Kirchoff*, 2022 U.S. App. LEXIS 20080 (8th Cir. 2022) (affirming downward variance where defendant had, among other

things, history of mental disorders, substance abuse and lack of education).  These problems "[a]re not excuses for criminal behavior [t]hey are, instead, factors the Court must consider in arriving at a sentence that is sufficient, but not greater than necessary to serve the needs of the sentence imposed." *United States v. Ray*, 375 F. Supp. 2d 832, 834 (S.D. Iowa 2005) (sentencing Defendant to 30 months below guidelines, approximately 20% reduction).

The medical records filed under seal herewith reflect the severity of the Defendant's mental health struggles in the past.  The Defendant was admitted to inpatient care for several days based upon "worsening depression [and] suicidal thoughts." The records reflect that the Defendant "has a remote history of admission for similar reasons." [*Sealed Exhibit* at pg. 690]. The Defendant reported "anger issues and suicidal ideation" that "he has such anger and rage he blacks out and unable to recall anything that happened. States he can feel a rushing of blood throughout his body when this feeling comes on but can't recall what triggers the rage/blackout episodes." [*Sealed Exhibit* at pg. 734]. The records reflect that his "insight and judgment [were] limited." [*Sealed Exhibit* at pg. 690]. During his admission he also tested positive for meth, cocaine, marijuana and opiates. [*Sealed Exhibit* at pg. 690]. He indicated to the doctors that he wanted help "so he does not act that way in front of his children." [*Sealed Exhibit* at pg. 690].

The reference to his children within the records reflects a consistent theme that runs throughout the letters in support filed on behalf of the Defendant: his care for his children, and for young people in general.  It is an unavoidable paradox to see the Defendant's concern for young people's futures and for their education, while he has been unable to do that himself.  The nature of this paradox is starker when one considers the criminal conduct at issue in the case *sub judice*.  The Defendant is widely cited by the letters as being someone who is kind, who cares about others, who was there as support when young people lost family members (Letter from Seth Pugh), and who advocated for young people to stay in school. The criminal conduct which the Defendant engaged in is best explained as indicative of the Defendant's inability to overcome the demons in his own life.

The Defendant will receive a significant sentence in this matter, but his history and characteristics provide reason to believe that appropriate conditions of confinement can help him to be able to emerge from custody in a better place to be able to live within the bounds of the law.

### *(a)(2)(D) Educational, Vocational Training, Medical Care*

Any sentence imposed in this case should include provision for the Defendant's medical care, including treatment of his mental health issues set forth above, as well as his substance abuse problems.  The Defendant would further

request that these conditions and assistance be carried over into any term of supervised release imposed as a part of his sentence.

The Defendant desires to put his years of drug abuse behind him, and a sentence below the low end of the Guideline range, particularly one that provides for treatment, will greatly assist him in accomplishing that goal, as well as providing for just punishment under 18 U.S.C. § 3553.

This the 15th day of June, 2024.

/s/ Noah R. Friend
Noah R. Friend Law Firm, PLLC
P.O. Box 341
Versailles, KY 40383
606-369-7030 [Phone]
502-716-6158 [Fax]
noah@friendlawfirm.com
COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2024, a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all counsel of record herein.

/s/ Noah R. Friend
Noah R. Friend